THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* MATÍAS DÍAZ CONCEPCIÓN ET AL., Defendants and Appellants.

No. 12484. Argued November 3, 1947.—Decided November 25, 1947.

---

*J. Ramírez Viñas* for appellants. *Luis Negrón Fernández, Attorney General, J. Rivera Barreras, Prosecuting Attorney,* and *Alberto Picó Santiago, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

Appellants were convicted of a violation of Administrative Order No. 92 of the General Supplies Administrator.

The facts may be summarized thus: Matías Díaz Concepción was owner of an establishment where cow's milk was sold, among other products, for human consumption. Cecilio Mercado Esquilín worked with him in said establishment apparently as a clerk. On August 16, 1946, while Matías Díaz Concepción was away from the establishment, said clerk sold to Juan Lucré a quart of raw milk in bulk for the price of twenty-two cents, in excess of the maximum price of nineteen cents fixed by said Administrative Order to said product.

▮ The appellant Matías Díaz Concepción assigns as error the fact that he was convicted despite his absence from the establishment at the time the illegal transaction was carried out, and cites the cases of *People* v. *López, et al.,* dealing with a violation of the Insular Supplies Act, decided on July 16, 1947. In said cases it was held that when the

owner of the establishment does not personally participate in the illegal transaction he is not liable for the offense, unless there is some evidence, either direct or circumstantial, tending to show that his employees intentionally or deliberately violated the law pursuant to his direction or with his approval or acquiescence.

It does not transpire from the oral evidence introduced in the trial court that the clerk violated the law pursuant to instructions from his principal or with his approval or acquiescence. But the district attorney presented an affidavit from Cecilio Mercado Esquilín, codefendant herein, wherein he stated that he sold the milk at the price alleged in the complaint pursuant to instructions from his principal.

The question for decision is whether that evidence is sufficient to support the judgment against Díaz Concepción. We should not overlook the fact that Matías Díaz Concepción and Cecilio Mercado Esquilín, upon being prosecuted for the same offense, were accomplices. *People* v. *Figueroa,* 46 P.R.R. 130; *People* v. *López,* 34 P.R.R. 252; *People* v. *Robles,* 13 P.R.R. 299 (2d ed., 1921); and *People* v. *Morton,* 73 Pac. 609 (Cal. 1903). Since Mercado Esquilín was an accomplice, we must apply § 253 of the Code of Criminal Procedure, which provides:

"A conviction can not be had on the testimony of accomplice, unless he is corroborated by other evidence, *which in itself, and without the aid of the testimony of the accomplice,* tends to connect the defendant with the commission of the offense; *and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.*" (Italics ours.)

If we strike out the testimony of Mercado Esquilín, there remains no evidence tending to connect Díaz Concepción with the commission of the offense. Consequently, the evidence is insufficient to support the judgment rendered against him. *People* v. *Figueroa, supra; People* v. *López, supra; People* v. *Robles, supra;* and *People* v. *Morton, supra.*

As to the defendant Cecilio Mercado Esquilín, the evidence was conflicting, but that presented by the prosecution, which the court believed, is sufficient to support the conviction.

The judgment is reversed as to Matías Díaz Concepción, who shall be acquitted, and affirmed as to Cecilio Mercado Esquilín.